## Suffern, Hunt & Co. v. A. W. Treat & Co.

1. INSTRUCTIONS—*Delivery of Bills of Lading.*—S. H. & Co. purchased three cars of corn of T. & Co. upon the track, which T. & Co. agreed to ship to Mobile, to the order of S. H. & Co., and send drafts, with the bills of lading therefor, to a bank at Decatur for payment. It was also agreed that T. & Co. should guarantee the weight and grade of the corn at Mobile.   The corn was shipped and billed by T. & Co. and drafts attached to the bills of lading sent to the bank, where S. H. & Co. paid them and obtained the bills of lading.   When the corn arrived at Mobile it was weighed and found to be short to an extent sufficient to make, at the contract price, $66.95 which S. H. & Co. had overpaid in paying the drafts.   S. H. & Co. informed T. & Co. and requested them to refund the amount overpaid, which they refused, and a suit for the amount followed.   At the trial of the case, the court instructed the jury at the instance of T. & Co., in effect that upon the delivery of the bills of lading the title of the corn passed to S. H. & Co., and that T. & Co. were not liable for any loss on the corn while in transit.   *Held,* reversible error.

**Assumpsit,** for money overpaid, etc.   Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRANE, Judge, presiding. Heard in this court at the May term, 1901.   Reversed and remanded. Opinion filed September 11, 1901.

ALBERT G. WEBBER, attorney for appellant.

FRANK SPITLER and JOHN E. JENNINGS, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellant, a corporation, sued appellees, a copartnership, before a justice of the peace in Moultrie county, to recover the sum of $66.95, which appellant claims was overpaid to appellees upon three cars of corn which appellant purchased of and paid appellees for, and which fell short in weight to that extent.

Appellant recovered a judgment before the justice, and the case was taken by appellees to the Circuit Court by appeal, there tried by jury, and resulted in a verdict and judgment in favor of appellees. Appellant brings the case to this court and urges a reversal of the latter judgment upon the alleged grounds that the court gave improper instructions to the jury at the instance of appellees, and that the verdict is against the evidence.

Appellant mills and ships grain at Decatur, Illinois; appellees buy and sell grain at Gays, in Moultrie county, Illinois. Appellant purchased three cars of corn from appellees upon track at Gays, which appellees agreed to ship to Mobile, Alabama, to the order of appellant, and send the bills of lading therefor to the bank at Decatur, with drafts attached, and appellant should pay the drafts and obtain the bills of lading. It was also agreed between appellant and appellees, when the corn was purchased, that appellees were to guarantee the weight and grade of the corn at Mobile, and that the drafts should be drawn for an amount so as to leave a reasonable margin to protect such weights and grades.

The corn was shipped and billed by appellees according to the agreement, and three drafts for $230 each, were attached to the three bills of lading, and all sent to the bank at Decatur, where appellant paid the drafts and obtained the bills of lading.

At the time appellees sent the bills of lading to the bank, they wrote to appellant by mail that the first car had 800 bushels of corn in it; the second, 813 bushels; and the third, 818 bushels.

When the three cars of corn arrived at Mobile, the corn in them was weighed and found to be short to an extent sufficient to make, at the contract price, $66.95 that appellant had overpaid appellees by paying the three drafts. Appellant informed appellees of such shortage and requested them to refund the $66.95, which they declined to do, and this suit followed.

There was evidence tending to show that appellees loaded enough corn into the three cars at Gays to satisfy the drafts.

The court, at the instance of appellees, instructed the jury to the effect that upon the delivery of the bills of lading for the three cars of corn to appellant by appellees, the title of the corn passed to appellant, and that appellees were not liable for any loss on the corn while in transit.

There was no dispute between appellant and appellees in the trial court concerning the terms of the purchase, nor that appellees agreed to guarantee the weight of the corn at Mobile; so that it was prejudicial to appellant for the court to instruct the jury, as it did, that appellees were not liable for any loss on the corn while in transit.

And for such prejudicial error in so instructing the jury, we will reverse the judgment of the Circuit Court and remand the case for a new trial not inconsistent with the views herein expressed.    Reversed and remanded.